OPINION
{¶ 1} On October 5, 2001, the Stark County Grand Jury indicted appellant, George Swogger, on one count of receiving stolen property in violation of R.C. 2913.51, a felony of the fifth degree. Said charge arose from appellant selling stolen finished steel parts to Morris Brothers scrap yard.
 {¶ 2} A jury trial commenced on December 10, 2001. The jury found appellant guilty as charged. By judgment entry filed December 13, 2001, the trial court sentenced appellant to eleven months in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 {¶ 4} "THERE WAS INSUFFICIENT EVIDENCE TO FIND THE APPELLANT GUILTY OF RECEIVING STOLEN PROPERTY AND HIS CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I {¶ 5} Appellant claims his conviction was against the manifest weight of the evidence. We disagree.
 {¶ 6} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. We note circumstantial evidence in Ohio is given the same weight as direct evidence. Jenks, supra.
 {¶ 7} Appellant was convicted of receiving stolen property in violation of R.C. 2913.51 which states as follows:
 {¶ 8} "(A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.
* * *
 {¶ 9} "(C) Whoever violates this section is guilty of receiving stolen property. Except as otherwise provided in this division, receiving stolen property is a misdemeanor of the first degree. If the value of the property involved is five hundred dollars or more and is less than five thousand dollars, if the property involved is any of the property listed in section 2913.71 of the Revised Code, receiving stolen property is a felony of the fifth degree. * * *"
 {¶ 10} The items missing from Engineered Metal Products were stainless steel drip trays that were each ten to twelve feet long and ten or fifteen inches thick. T. at 62-63. The value of the missing items was $2,250.00. T. at 66. The items were reported missing on May 18, 2001. T. at 62, 89-90. On same date, the missing items were recovered from Morris Brothers, an enterprise engaged in buying scrap metal. T. at 67-68, 76. The items were identified as the missing trays by fabrication marks punched into them. T. at 66-67, 70.
 {¶ 11} Mark Harris, an employee of Morris Brothers, identified appellant as the person who sold the items to Morris Brothers on May 18, 2001. T. at 76-78. Mr. Harris has known appellant for years and appellant had sold scrap metal to Morris Brothers in the past. T. at 78, 83. Appellant made no attempt to conceal his identity during the sale. T. at 80-81, 82-83. Appellant received $64.95 for all the items. T. at 80. The items appeared to be shiny and new when appellant sold them to Morris Brothers. T. at 79.
 {¶ 12} Appellant's neighbor, Michael Maury, testified he accompanied appellant on May 18, 2001 to a broken down pick-up truck owned by "Joe." T. at 101-102, 105-106. They transferred large pieces of steel from Joe's truck to appellant's truck. T. at 102-103, 108. Mr. Maury and appellant then went to the scrap yard, and appellant "[g]ot the receipt slip." T. at 104, 108-109. They had left Joe at appellant's house, even though the scrap belonged to Joe. T. at 108. Appellant split the $64.95 with Joe. T. at 109. Even though Mr. Maury was aware that appellant was charged with an offense, he never called the police with information about Joe. T. at 109-110.
 {¶ 13} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 14} Despite the fact that the case was founded on circumstantial evidence, we cannot say the jury lost its way. The direct evidence that appellant sold items worth $2,250.00 for the minimum amount of $64.95, coupled with the fact the items were sold on the very day they were reported missing, are sufficient to infer that appellant had knowledge of the items' stolen nature. We find sufficient credible evidence, if believed, to find appellant guilty of receiving stolen property, and no manifest miscarriage of justice.
 {¶ 15} The sole assignment of error is denied.
 {¶ 16} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
By Farmer, J., Gwin, P.J. and Boggins, J. concur.